Leslie A. Cohen, Esq. (SBN: 93698)
  leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
  jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor and Plaintiff

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| *In re*<br><br>LITE SOLAR CORP.,<br><br>               Debtor and Debtor in Possession | Chapter 11<br><br>Case No. 2:16-bk-19896-BB<br><br>Adversary No.: To Be Assigned |
| LITE SOLAR CORP., a California Corporation,<br>               Plaintiff,<br>   VS.<br><br>ENERGY WISE LIGHTING INC., an Oregon corporation, PETER GREENBERG, an individual, and DOES 1-100<br>               Defendants. | **COMPLAINT:**<br>   **(1) BREACH OF CONTRACT;**<br>   **(2) TO AVOID FRAUDULENT TRANSFERS;**<br>   **(3) CONVERSION;**<br>   **(4) UNJUST ENRICHMENT;**<br>   **(5) MONEY HAD AND RECEIVED;**<br>   **(6) ACCOUNTING** |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEFENDANTS AND THEIR COUNSEL OF RECORD; AND ALL OTHER INTERESTED PARTIES:**

Plaintiff, Lite Solar Corp. (the "**Plaintiff**" or "**Debtor**" or "**Lite Solar**"), the debtor and debtor-in-possession in the above-referenced chapter 11 bankruptcy case (the "**Bankruptcy Case**"), complaining of defendants Energy Wise Lightning Inc., an Oregon corporation ("**Energy Wise**"), Peter Greenberg ("**Greenberg**") and Does 1-100, to be determined. Energy Wise, Greenberg and Does 1-100 are sometimes referred to collectively as the "**Defendants**" and individually as "**Defendant**"), alleges as follows:

## I. JURISDICTION AND VENUE

1. On or about July 27, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Code (the "**Code**"), originating this Bankruptcy Case, entitled *In re Lite Solar Corp.*, Case No. 2:16-bk-19896-BB ("**Bankruptcy Case**").

2. This Court has jurisdiction under 28 U.S.C. §§ 157, 1132 and 1334(a) over the subject matter of this proceeding because the claims asserted herein relate to a case pending under the Bankruptcy Code for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper in the Central District of California, Los Angeles Division, because the Bankruptcy Case is pending in this district and division.

5. Pursuant to 11 U.S.C. § 544(a), the Debtor has standing to bring this adversary proceeding.

## II. PARTIES

6. Plaintiff is a California Corporation who, at all times mentioned herein, conducted business in, and/or had its principal place of business in, the Central District of California, and is the debtor-in-possession in the Bankruptcy Case.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Energy Wise is and at all times was an Oregon corporation doing business in the State of Oregon and the State of California.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant Greenberg is and at all times was an Oregon resident, the sole owner of Energy Wise and doing business in the State of Oregon and the State of California.

## III. GENERAL ALLEGATIONS

9. The Debtor was formed in 2009. The Debtor's business was the development and installation of photovoltaic solar systems in several states, including the State of Oregon.

10. In or about November 2012, Lite Solar, LLC, which merged into the Debtor in 2016, and Energy Wise entered into an agreement pursuant to which Debtor agreed to design, build and install photovoltaic solar systems on carport structures that Debtor also would build based on Debtor's proprietary design ("**Agreement**"). The principal terms of the Agreement are set forth in a certain Construction Agreement for Labor Service, dated November 20, 2012. The Agreement covered seven projects, whose street addresses the parties listed in the Agreement. The largest was a 200 kW solar project at the Cascade Christian School, 855 Chevy Way, Medford OR 97504 ("**Cascade Medford Project**"). The parties also agreed that another solar project would be contracted at the Grace Christian School, located at 649 Crater Lake Ave., Medford, OR 97504 ("**Grace Medford Project**"). Energy Wise agreed to pay for each solar project based on a kilowatts pricing structure that considered the size of the system, type of inverters, and type of panels.

11. Each of the solar systems to be built for Energy Wise would be owned by Energy Wise, but would be constructed on property owned by third parties with whom Energy Wise in turn had contracts and the solar systems would provide electricity to those third party owners. As a result, construction did not begin immediately after execution of the Agreement on November 20, 2012.

12. In early 2013, Debtor was continuing to prepare the designs for the projects for Energy Wise. However, Debtor is informed and believes and based thereon alleges that by March 2013, Greenberg and Energy Wise began to systematically ignore the obligations under the Agreement and began working directly with Patrick Schellerup ("**Schellerup**"), Debtor's then Regional Manager, and later Schellerup's company, Kamana O'Kala, LLC ("**Kamana**"), to use Debtor's proprietary carport designs and have Schellerup and Kamana build the projects for which Energy Wise had contracted for Debtor to build.

13. Debtor is informed and believes and based thereon alleges that on March 18, 2013, Greenberg knowingly and intentionally wired $10,771.20 directly to Schellerup's personal bank account at US Bank, which funds were payment towards the obligations of Energy Wise to Debtor.

14. Debtor was unaware of the secret, concealed plan by Greenberg and Energy Wise to divert funds that should have been paid to Debtor, to ignore its obligations to Debtor under the Agreement, and to work with Schellerup and Kamana to the detriment of Debtor.

15. By early June 2013, Debtor's design drawings for the Cascade Medford Project and Grace Christian Project were sent to Greenberg to approve.

16. Debtor is informed and believes and based thereon alleges that on June 13, 2013, Greenberg and Energy Wise knowingly and intentionally issued a check for a deposit for the Cascade Medford Project in the amount of $30,000, payable to "Lite Solar" and with the notation "Medford", but Greenberg subsequently cancelled the check and

caused Energy Wise to issue a replacement made payable to Kamana for the same amount.

17. Debtor is informed and believes and based thereon alleges from or about June 2013 through the end of 2013, Greenberg and Energy Wise acquired solar panels, inverters and materials that Greenberg and Energy Wise knew or should have known were owned by Debtor by paying Schellerup and/or Kamana below market prices to have Schellerup and Kamana deliver Debtor's assets to Greenberg and Energy Wise. For example, in October 2013, Greenberg received an email from Oliver McKinney, an officer of Debtor, regarding Debtor's excess inventory of solar panels. In response, Greenberg contacted Schellerup and arranged to acquire Debtor's solar panels through Schellerup and Kamana by paying them below market prices, all without Debtor's knowledge and without compensation to Debtor.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

18. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 17, inclusive, of this Complaint, as though set forth fully herein.

19. Pursuant to the Agreement, Debtor and Energy Wise entered into an express contract, whereby the Debtor was to provide services and materials in return for payment.

20. Energy Wise breached the contract by, among other things, failing to pay Debtor and intentionally concealing that Energy Wise was having Schellerup and Kamana use Debtor's proprietary designs as well as its solar panels, materials and equipment, diverting payments due the Debtor to Schellerup and/or Kamana, and acquiring the Debtor's materials at below market prices in violation of the Agreement.

21. Greenberg, as the principal responsible for the acts of Energy Wise, is vicariously liable to the Debtor for the harm caused to the Debtor as the result of Energy Wise's breach of contract and misappropriation of the Debtor's materials.

22. In the alternative, Greenberg is liable to Debtor for harm caused to the Debtor as a result of the breach of contract and misappropriation committed by Energy Wise, as an apparent or ostensible agent of Energy Wise.

23. Debtor has performed all of its obligations under the Agreement, except for those obligations the performance of which are excused by the breaches by Energy Wise.

24. As the legal and proximate cause of breaches by Energy Wise, Debtor has sustained and will continue to sustain substantial economic damages. The precise nature and amount of such accrued and continuing damages will be proven at trial, but Debtor estimates its loss to be in excess of $500,000.

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFERS

**[11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

25. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 24, inclusive, of this Complaint, as though set forth fully herein.

26. Defendants Energy Wise and Greenberg wrongfully diverted Debtor's assets by acquiring such assets at substantially below the fair market value, and by failing to compensate the Debtor in any way for the services and materials provided by Debtor.

27. Each such acquisition by defendants was made without the Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

28. Defendants acquired the services and materials without the Debtor's knowledge or authorization. Without limitation, the wrongful diversion of the Debtor's

assets and funds denied the Debtor access to its main assets and funds which were required to keep the Debtor's business running.

29. By virtue of the foregoing, the transfers initiated and caused by Energy Wise and Greenberg constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

### THIRD CLAIM FOR RELIEF
### RECOVERY OF AVOIDED TRANSFERS
### [11 U.S.C. § 550(a)(1) and (2)]

30. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 29, inclusive, of this Complaint, as though set forth fully herein.

31. By reason of the foregoing, the Debtor is entitled to recover for the benefit of the Estate the transfers of solar panels caused by Defendants pursuant to 11 U.S.C. § 550(a).

### FOURTH CLAIM FOR RELIEF
### PRESERVATION OF AVOIDED TRANSFERS
### [11 U.S.C. § 551]

32. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 31, inclusive, of this Complaint, as though set forth fully herein.

33. By reason of the foregoing, the avoided transfers caused by Defendant are preserved for the benefit of the Estate.

### FIFTH CLAIM FOR RELIEF
### CONVERSION

34. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 33, above.

35. By means of the acts alleged above, Defendants Energy Wise and Greenberg each acquired money and property which rightfully belonged to the Plaintiff.

36. Each Defendant used or converted the Plaintiff's property in a manner inconsistent with the Plaintiff's property rights.

37. As a result of the Defendants' wrongful use and conversion of the Plaintiff's property, Plaintiff has been damaged in an amount to be proven at trial as a result of Defendants' actions in converting and misappropriating the Plaintiffs assets, which Debtor estimates to be not less than $400,000.

## SIXTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

38. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37, above.

39. By means of the fraud and other wrongful acts alleged above, Defendants Energy Wise and Greenberg each acquired money and property, with knowledge of said fraudulent and wrongful acts, including specifically, and without limitation, that Defendants wrongfully (a) acquired the solar systems installed by Schellerup and Kamana, including without limitations the solar projects that were built for the Cascade Medford Project and the Grace Medford Project (b) collected money or credits from the Cascade Medford Project, the Grace Medford Project and any other project built using the solar panels, material and equipment of Debtor, whether said payments and credits were provided by the owners of the property on which the projects were built, the utility companies or any other source and (c) received the benefit of the electrical power generated by such solar system, such that each Defendant holds such funds in constructive trust for Plaintiff and/or must make restitution to Plaintiff in a sum sufficient to deprive Defendants of all unjust enrichment derived from such actions, sales and wrongful conduct.

40. Plaintiff therefore demands the imposition of a constructive trust on the solar systems and all revenue generated therefrom, restitution and judgment against

Defendants in an amount to be determined at trial, together with interest, attorneys' fees, and the cost of this action.

## SEVENTH CAUSE OF ACTION

## MONEY HAD AND RECEIVED

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive as though fully set forth. Defendants are indebted to Plaintiff by virtue of Defendants' possession of funds that should have been paid to Plaintiff in an amount to be proven at trial.

42. By virtue of this Complaint, Plaintiff makes demand each Defendant to pay all amounts wrongfully retained by Defendants. No payment has been made by Defendants to Plaintiff, and there is now owing a sum to be proved at trial, with interest on said sum. To the extent said debt arose more than two years prior to the commencement of this action, Defendants fraudulently concealed their conduct and Plaintiff was unable to discover such conduct, as more fully alleged in this Complaint, such that the filing of this claim for relief is timely.

## EIGHTH CAUSE OF ACTION

## ACCOUNTING

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42, inclusive, as though fully set forth.

44. Starting in 2013, Defendants and each of them had and have possession of Plaintiff's solar panel inventory, equipment and materials which defendants have used for Defendants' benefit and to the detriment of Plaintiff.

45. Defendants and each of them have realized revenue, income and profits from their wrongful sale, retention and use of Plaintiff's solar panel inventory, equipment and materials, and all of such revenue, income and profits should be disgorged by Defendants and each of them to Plaintiff.

46. Defendants and each of their misconduct has resulted in a loss to Plaintiff which cannot be ascertained without an accounting.

47. As a result of Defendants' aforesaid wrongful acts and omissions, Plaintiff has been injured and damaged and demands the equitable remedy of accounting.

## **PRAYER**

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants as follows:

1. On the first cause of action, for compensatory damages in an amount not less than $500,000 with interest thereon at the maximum legal rate according to proof;
2. On the second cause of action, that the transfers be avoided for the benefit of the Estate;
3. On the third cause of action, to recover the value of the transfers for the benefit of the estate, plus interest as the maximum legal rate from the date of the transfers, or such other amount as shall be shown by proof prior to judgment herein;
4. On the fourth cause of action, that avoided transfers are preserved for the benefit of the Estate;
5. On the fifth cause of action, award Plaintiff compensatory damages in an amount to be determined at trial;
6. On the sixth cause of action, grant Plaintiff equitable relief in the nature of disgorgement, and restitution, and creating a construction trust to remedy Defendants' unjust enrichment;
7. On the seventh cause of action, make a determination as to the sum now owing, with interest on said sum;
8. On the eighth cause of action, order Defendants to make available all information relating to the wrongful sale, retention and use of Plaintiff's

assets utilized in the avoided transfers in order than an accounting may be realized;

9. On all causes of action, that the Plaintiff be awarded costs and fees incurred in connection with this action, including attorneys' fees; and

10. For such other and further relief as this Court deems just and proper.

Dated: July 26, 2018                          LESLIE COHEN LAW, PC

By: */s/ Leslie A. Cohen*
Leslie A. Cohen
Attorneys for Plaintiff

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Lite Solar Corp. | **DEFENDANTS**<br>ENERGY WISE LIGHTING INC., an Oregon corporation, PETER GREENBERG, an individual, and DOES 1-100 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leslie Cohen Law PC<br>506 Santa Monica Blvd. Suite 200, Santa Monica, CA 90401<br>(310) 394-5900 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT: (1)BREACH OF CONTRACT; (2) TO AVOID FRAUDULENT TRANSFERS; (3)CONVERSION (4) UNJUST ENRICHMENT (5)MONEY HAD AND RECEIVED; (6)ACCOUNTING | |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ TBD |
| Other Relief Sought<br>Converstion, Unjust Enrichment, Money Had and Received, Accounting | |



**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Lite Solar Corp. | BANKRUPTCY CASE NO.<br>2:16-bk-19896-BB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | | NAME OF JUDGE<br>Bluebond |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Leslie Cohen | | | |
| DATE<br>7/26/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Leslie A. Cohen | | |

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie A. Cohen, Esq. (SBN: 93698)<br>  leslie@lesliecohenlaw.com<br>J'aime K. Williams, Esq. (SBN 261148)<br>  jaime@lesliecohenlaw.com<br>LESLIE COHEN LAW, PC<br>506 Santa Monica Blvd., Suite 200<br>Santa Monica, CA 90401<br>Telephone: (310) 394-5900<br>Facsimile: (310) 394-9280<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>LITE SOLAR CORP. | CASE NO.: 2:16-bk-19896-BB<br>CHAPTER: 11<br>ADVERSARY NO.: |
|---|---|
| Debtor(s). | |
| LITE SOLAR CORP.<br><br><br><br>Plaintiff(s)<br>Versus<br>ENERGY WISE LIGHTING INC., an Oregon corporation, PETER GREENBERG, an individual, and DOES 1-100<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING
[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____  **Address:**
> **Time:** _____  ☒ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____  ☐ 3420 Twelfth Street, Riverside, CA 92501
>   ☐ 411 West Fourth Street, Santa Ana, CA 92701
>   ☐ 1415 State Street, Santa Barbara, CA 93101
>   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016* Page 1 F 7004-1.SUMMONS.ADV.PROC

Case 20-03032-tmb    Doc 1    Filed 07/26/18

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                    **KATHLEEN J. CAMPBELL**
                                    **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                    By: _____
                                                    Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                               Page 2                                     **F 7004-1.SUMMONS.ADV.PROC**

Case 20-03032-tmb    Doc 1    Filed 07/26/18

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Date          Printed Name                              Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                   Page 3                   **F 7004-1.SUMMONS.ADV.PROC**

Case 20-03032-tmb    Doc 1    Filed 07/26/18